*RE AD* vs. *BAILEY.*

Whether the whole answer to an interrogatory be evidence for the respondent?

THIS was an action brought to recover the price of a negro, sold by the defendant for the plaintiff.

BY one of the interrogatories, the defendant was required to recognise the copy of a letter, by which he had informed the plaintiff that he had sold the negro, on a credit, and promised to remit the price, as soon as it came to his hands.

THE defendant recognised the paper, annexed to the petition, as the copy of a letter he had written to the plaintiff in reply to one, by which the plaintiff had directed him to remit the proceeds of the sale of the negro, in good bills on Charleston—adding he had informed the plaintiff of the receipt of the price of the negro, and required his further instructions, as no bills on Charleston could be procured : that on the receipt of the defendant's letter, the plaintiff, or his brother, as his agent, shewed it to the defendant's brother, who, observing that the money was in the defendant's hands, at the request of the plaintiff, or his brother, as his agent, gave his own note, for the amount, and charged the defendant therewith.

*Ellery*, for the plaintiff. I rely, in this case, upon the testimony drawn from the defendant upon the interrogatories exhibited by the plaintiff. He has there established our demand, by admitting the debt; it is now incumbent on him, to

prove the facts, which he has set up by way of avoidance.

*Grymes*, for the defendant. The defendant in his answer has charged and discharged himself; his testimony cannot be divided against him; it must be taken whole and together. These principles obtain both in courts of common law, and in those of equity; they are more particularly recognised in the case of *Kilpatrick & Thrupp* vs. *Love. Ambler* 539; and have been recently acted upon in this court, in the case of *Taylor & Hood* vs. *Morgan.* 1 *Martin*, 204. And this testimony, thus furnished by the defendant, at the instance of the plaintiff, must be received as true, unless disproved by the oath of two credible witnesses, or of one credible witness, and strong corroborating circumstances. *O. L.* 1805, *ch. 26, sect. 9.*

*Ellery*, for the plaintiff. The principle, which obtains in courts of common law, I know to be, that the party producing the answer in evidence, makes the whole of it *admissible*, though not *conclusive*, testimony for the party making such answer, and that it is not to be separated against him, but to be received entire and unbroken.

Although it must be thus taken together, and the whole of it read, yet, in many instances, the defendant will be called upon to prove his allegations. 2 *Esp. N. P.* 753. And in a recent case, it has been decided, that the production of the

answer in evidence, makes the *whole* admissible, only so far as to wave any objection to the competency of the defendant, but not so as to admit facts which appear in it to have been stated upon hearsay. 2 *Boss. & Pull.* 548; and *Lord Mansfield*, in the case of *Bernion* vs. *Woodbridge*, says, though the *whole* of an affidavit or answer, must be *read*, if any part is, yet you need not *believe* all equally. You may believe what makes against his point, who swears, without believing what makes for it. *Doug.* 788. But in courts, like ours, possessing chancery power and equitable jurisdiction, this principle is carried much further; it is there distinctly laid down, that the admissions of defendant in his answer, shall be taken as *conclusive* evidence against him, and that if he set up any *distinct fact*, by way of avoidance, he shall be put to the strict proof of it. And this reason is assigned; that his admissions may have been produced, from an apprehension they might have been proven, and therefore ought not to profit him, so far as to make pass for truth, whatever he says in avoidance. *Gilb. Law of Ev.* 52. *Bull. N. P.* 237. 2 *Esp. N. P.* 752. *Peake*, 38, *note (i).* The case of the bill exhibited by creditors against an executor, cited in the above authors, strongly confirms and illustrates this principle. The executor answered, that 1100*l.* had been deposited in his hands by testator, but, that afterwards, upon a settlement of accounts, he gave his bond for 1000*l.* and that

the remaining 100*l.* was remitted to him by the testator, as a compensation for his services. Here, though there was no other evidence of the deposit of the 1100*l.* but the executor's own oath, it was nevertheless held, that when an answer is put in issue, what is confessed and admitted, need not be proven by plaintiff, but that it behoved defendant to make out by proof what was insisted upon, by way of avoidance ; but with this distinction, that if defendant admitted a fact, and insisted upon a *distinct* fact by way of avoidance, there he ought to prove the matter of his defence ; but, if it had been but *one fact*, as if defendant had said, that the testator had given him the 100*l.* it ought to have been allowed, unless disproved, because nothing of the fact charged, is admitted, and the plaintiff may disprove the whole fact, as sworn, if he can do it.

Neither of the cases reported in *Ambler* and *Martin*, appear to be at variance with this principle, so modified : in both these cases, no *distinct facts* are set up in avoidance, but the whole constitutes but *one fact*, which fact is not *admitted*, but *denied*. This also is perfectly correspondent with the principles of the civil law. *Pothier* distinguishes the oath which the defendant takes upon interrogatories exhibited by plaintiff, from the *decisory oath*. The latter is proof *for* him who takes it ; whereas, on the contrary, the answers, which the party interrogated makes, are proof only *against* him ; because the plaintiff put to the

464

FALL, 1811.
First District.

READ
vs
BAILEY.

defendant these interrogatories, in order to derive some proofs from his admissions or contradictions: *ut confitendo vel mentiendo se oneret. L.* 4, *ff.* At the same time, the general principle, that the defendant's answers are not to be divided against him, applies; if, for example, the defendant acknowledges, that he received, but adds, that he returned, a loan, his declaration must be taken entire. 2 *Pothier on Ob.* 303. 2 *Evan's Pot. Ap. no.* 16. 156. But say that the cases in *Ambler* and *Martin*, form an exception to the general rule of evidence, which obtains in courts, possessing equitable jurisdiction, has the present defendant brought himself fairly within it?

In the case in *Ambler*, the party charged and discharged himself in the same sentence, and the Lord Chancellor is made to say, " *otherwise it " had been, if the discharge or avoidance had been " in distinct sentences ;*" and the argument of the case sums up the principle decided in it, by saying, that " the party may charge and discharge " himself in the same sentence, but not in differ-" ent sentences." The party here admitted in his answer, the receipt of a parcel of sattins, but, in the same sentence, swore, he had paid for them. And this was the only *fact* charged. But, in this case, at present before the court, does the defendant rely only upon *one fact* in his discharge, or does he charge and discharge himself in the *same sentence?* The interrogatory, administered to him, is, whether he was the writer of a

certain letter, the copy of which is inserted in the interrogatory, in which defendant acknowledges the debt. He answers in the affirmative, and thereby *charges* himself; but instead of *discharging* himself in the *same sentence*, he sets up a number of *distinct facts* in avoidance; he goes on in his answer, to give an account of the correspondence between him and plaintiff;—an history of their dealings;—a narration of certain transactions between his brother and the brother of the plaintiff, and his brother and himself;—of a note, given by his brother to the plaintiff, or perhaps the plaintiff's brother, on account of this debt; which, however, he does not state to have been paid, but only leaves it to be inferred. This answer is spread over many *sentences*, and covers a great deal of ground, and comprizes a variety of matter. Can it be seriously likened then to the case in *Ambler*, where the whole constitutes but *one fact*, and the party swears positively and distinctly, and charges and discharges himself in the *same sentence?* A sentence is generally taken to be a *period in writing;* here we find a number of them; and no species of punctuation, either legal or grammatical, can confine his answer within the limits of a single one. And if the word *sentence* be made to overrun a period, so as to embrace this case, what bounds can be assigned to it, short of the whole answer to an interrogatory, however long or broken it may be, and, setting up ever so many distinct facts in

I

FALL, 1811.
First District.

READ
vs.
BAILEY.

avoidance: but this is not the sense in which this word is used by the Lord Chancellor; otherwise, he would have said, if the party charged and discharged himself in the same *answer*, not in the same *sentence*. His idea undoubtedly was, where the whole constitutes but *one fact*, and, of course, is comprised in *one* sentence.

NOR is the defendant better supported by the case in *Martin*, determined on the same principles. There but *one fact* was put in issue, no *distinct* ones set up in avoidance, or *separate* sentences employed. The defendant is there asked, if he did not receive certain goods, &c.? He answers, that he did receive them, but adds as a consignee, not as a purchaser. His answer is a complete negative to the interrogatory administered, the object of which was to ascertain the purchaser. The defendant is certainly allowed so to qualify his answer as correctly to meet the question proposed; and this fact, viz: the manner of receiving the goods is but a proper qualification of his answer, of which it forms a necessary and indivisible part. That he was the purchaser of the goods, is the fact charged in the petition and put in issue; now, nothing of this fact is admitted in the answer; but, on the contrary, the whole of it is positively denied; of course, the defendant, by his own answer, stands completely discharged, and discharged too in the *same sentence*. The question put to him, is, substantially: are you the purchaser of these goods? The answer to it,

is, substantially, no; I am only the consignee. So, in the case of the bill in chancery exhibited against the executor, stated above; if the executor had only answered, that he had received the 100*l.* as a gift from the testator, he would have been discharged, and it would have been allowed, unless disproved by the plaintiffs; and so in the case of the loan, mentioned in *Pothier :* because, as in the case of *Taylor & Hood* vs. *Morgan*, but *one fact* is put in issue, and because nothing of that fact so charged, is admitted by the answer, and the plaintiff might disprove the whole fact, if he could. And this rule, says *Evans*, where the whole constitutes but *one fact*, is founded upon the most evident principles of justice. Although relying upon the admission of *one* fact, shall not completely establish the assertion of *another*, the representation of *one and the same fact*, must not be garbled or distorted. 2 *Evans' Pot. Ap. no.* 16, *p.* 158. By none of these cases then, is the present defendant borne out.

But take, for a moment, this answer of the defendant, upon its own merits; and see, whether it be such, as ought to discharge him, under our own act, which requires, that the interrogatories exhibited by either of the litigant parties, should be *distinctly* answered. *O. L.* 1805, *ch.* 25.

Has this requisition been complied with? Is this interrogatory fairly and *distinctly* answered? On the contrary, is not the answer vague, uncertain, insufficient and unsatisfactory; made up of

READ
vs.
BAILEY.

deductions and inferences ; of statements and relations, which bear the evident impression of second-hand and hearsay ? Does he positively and *distinctly* swear, that he has discharged this debt, or that this debt has been discharged ? Does he positively swear, that the plaintiff ever received the note given by his brother ; or that the plaintiff's brother ever received it ;. or that he ever remitted this amount in *good bills upon Charleston*, as he was bound to do ? No ;—but that his brother, unrequested by him, has given the plaintiff's brother, *or* the plaintiff, for the sentence is in the disjunctive, he does not know which, a note, about the fate of which we are left in the dark.

THUS are we left to find our way out of this transaction, and charitably to suppose an extinguishment of the debt. Is it probable, if the facts therein stated, actually existed, (as the plaintiff lives in the state of South Carolina, and the defendant in this territory,) they could have existed within the *personal knowledge* of the defendant? Does it appear, that the defendant was authorised to give, or the plaintiff's brother to receive, this note, in payment of this debt? Why is this not better explained, more positively sworn to, and more fully proven ? Why is not this correspondence alluded to, between plaintiff and defendant, produced ? Must not the plaintiff's letter be in the possession of the defendant ? Why is not the power of attorney, or letter of instructions, with which plaintiff's brother must have

been invested, to settle this demand, exhibited? Why is not the receipt which defendant's brother must have received, upon delivering this note, brought forward? Why is it not produced to put the plaintiff to shame? Has not sufficient time been given to the defendant, since the institution of this suit, to procure any and every paper and document, material to his defence? What has become of the commission, taken out by him, above a year since, to examine witnesses, whose testimony was sworn to be material and necessary to his defence, and without the benefit of which, he could not safely proceed to trial?

IF the defendant relied upon his answer, as discharging him, why resort at all to the commission? Or, if the testimony so to be produced, or produced by it, is not of an unfavorable nature, why is it not brought forward? Again, had not the defendant, if fearful of too deeply charging himself in his answer, a right to resort, in turn, to the conscience of the plaintiff, for discovery? Was not this the intention of our act, and is not its object to open the road to the conscience of each praty, and make the one as accessible as the other?

FURTHER, it will be recollected, that the defendant is a witness in his own cause, made so by the necessity of the case; his declarations ought, therefore, to be more strictly examined, and more rigourously construed. He cannot be considered as an indifferent witness cal-

READ
vs.
BAILEY.

led to the stand. Neither his feelings nor obliga-tions are such; he is not sworn nor bound, to tell the *whole truth*, touching the matter in controversy, but only to answer truly to the interrogatories exhibited. And in swearing to his answers, does he not swear to the best of his *knowledge and belief?* How shall we separate what he *knows*, from what he *believes*, or is informed, in the present answer, the major part of which evidently appears to have been out of his personal knowledge. If he is discharged upon such an answer, so historical, argumentative and circuitous, it will go far to defeat the provisions of our act, and render it a dead letter. No plaintiff will ever think of resorting to it.

*Grymes*, for the defendant. The plaintiff, in this case, has resorted to the defendant for the evidence of the facts upon which he rests his claim. The defendant acknowledges the facts set forth, but at the same time, swears that he has paid the claim.

THE plaintiff objects to this part of the answer as irrelevant and impertinent. I rely upon the defendant in this case : 1st, upon the general principle that the defendant shall not be obliged to commit himself by a mutilated answer; 2dly, that the measure of resorting to the defendant is a voluntary one, on the part of the plaintiff, and that a party's confession is to be taken altogether as well for as against him; that the matter alledged in evi-

dence in this case, is not distinct from, and col‑ lateral to, the cause of action, but arises out of it.

THIS doctrine is recognized fully in the case in *Ambler*, 589, and contradicted no where that I know of : but, on the contrary, confirmed by a solemn decision of this court, in *Taylor & Hood* vs. *Morgan*. 1 *Martin*, 204. In support of the necessity of this position, I would further ob‑ serve that, the fact alledged in avoidance here, is such a one as might be confined exclusively to plaintiff and defendant. The plaintiff, in such case, would have the advantage of calling upon the defendant for the acknowledgment of a fact which would charge him, and the defendant be compelled to lose his money or trust to the con‑ science of a bad man, who, perhaps, he had no confidence in, and who had given him reason to think so, from the very fact of bringing the suit.

THE cases in *Peake* and *Buller*, are not at all relevant, and do not contradict the case in *Ambler*. For they allude entirely to the defendant in‑ troducing distinct or collateral facts, as his swear‑ ing to a gift from the plaintiff or his testator. This is a distinct substantive fact, which perhaps the defendant ought not to be permitted to prove him‑ self, for if he had a gift made him, he ought to have something to shew for it, but the payment on the part of the defendant in this case, is a fact arising out of, and directly connected with, the single transaction between the parties.

READ
vs.
BAILEY.

MARTIN, J. It is not easy to distinguish this case from that cited out of *Ambler*. There the defendant interrogated whether he had not received a quantity of satins from the plaintiff, answered he had, but he had paid for them. In the present, the defendant, interrogated whether a paper presented to him is not a true copy of a letter which establishes the plaintiff's claim, answers, it is, but the plaintiff has received by himself, or his agent, a paper, which, if not accounted for, prevents the plaintiff's recovery.

THE plaintiff's counsel admits, that in a court of common law, the party producing his antagonist's answer, makes the whole of it admissible, but not conclusive testimony—that it is not to be separated, but to be received entire and unbroken. Examining, therefore, the case on this ground, we find a fact sworn to, which, if believed, must protect the defendant. This fact is, that the plaintiff has received by himself, or his agent, a paper which, *prima facie*, bars his recovery. It is true we have not the ground of the knowledge of the party who swears, but the fact is positively sworn to. The information may have been obtained in a conversation with the plaintiff, or by the sight of an instrument in the plaintiff's hand, a receipt or an account.

THE plaintiff has chosen to call the defendant as a witness. After the answer was put in, he has not put interrogatories to obtain the ground of the defendant's knowledge. He has not moved,

as he might, if, as it is contended, the case is to be distinguished from that of *Taylor & Hood* vs. *Morgan*, that such part of the answer which was not called for by the interrogatory, be stricken off, but has proceeded to trial, and now contends that the court is to stop in reading the defendant's answer, after that part of it which admits the copy shewn to be substantially correct : all the rest being inadmissible testimony, and if admissible, not conclusive.

I ADMIT that there is some difference between this and the case of *Taylor & Hood* vs. *Morgan*. In that case the answer of the defendant was necessarily qualified, and advanced a fact which prevented the natural consequence of an absolute answer. He answered he received the goods, as the consignee of a third person, to prevent the conclusion that he received them, as a purchaser from the plaintiff. But in the case in *Ambler*, the defendant answered, he had received the satins, but had paid for them, and this was held evidence of the payment. Here the defendant admits a paper which proves he received the proceeds of the sale of a chattel, and adds, the plaintiff, on whose account the money came to his hands, has received a note therefor, which is not accounted for. I am therefore led to the same conclusion which influenced the chancellor, and must conclude that the receipt of that paper is proven. The cases are not to be distinguished, because the defen-

K

dant has fairly related particulars which he was not bound to detail.

THE case of the executor, supports the position contended for by the plaintiff: but if we give it all the force which his counsel insists it is to have, it is at variance with all others. *Evans* forewarns us that the rule laid down in that case, is principally applicable to proceedings in courts of equity, and *Peake* adds : that the contrary principle appears to him more consonant to reason and justice.

IF the case was of binding authority in this court, we would certainly confine its operation to the *answer to the bill*, and we should find ourselves authorised to make a distinction between *an answer to a bill* and *an answer to interrogatories*. In doing so, we should reconcile the case cited, with that in *Ambler*.

WHATEVER may be the rule, in courts which exercise their common law and equity jurisdiction, distinctly, *Pothier* gives us that which prevails in other tribunals.

" Observe," says he, " that he who would a-
" vail himself of the admissions which a party *in*
" *his answers to the interrogatories* has made,
" ought not to divide them, but to take them
" united. If for example, not having any proof
" of the loan which I pretend to have made to
" you of a certain sum of money ; I cause you
" to be examined on interrogatories, and in your
" answer you confess the loan, *but add that you*

" *have since returned the sum :* I cannot avail
" myself of the admission you have made of the
" loan, and set aside what you have added, that
" you returned the sum ; but I must take your
" declaration entire. Therefore, if I wished your
" admission to prove the loan, I must admit it
" also to prove the payment, without your be-
" ing obliged to make any proof of it, unless I
" should be able to prove that the payment could
" not have been made, in the time and place, in
" which you have said it was made. *2 Pothier*
*on Obligations,* 308, *no.* 827.

In weighing the evidence before us, it does
not appear to me that there is the least improba-
bility in the defendant's statement. It is true, we
have not the ground of his knowledge, but wit-
nesses seldom give that, till they are particularly
interrogated. Perhaps we are not at liberty to
set the testimony aside, unless the plaintiff con-
tradicts it by the introduction of two witnesses, or
of one, with corroborating circumstances. *O. L.*
1805, *ch.* 26.

It being proved that the plaintiff received the
note of the defendant's brother for the a-
mount of his claim, the presumption is, as the
note is not produced, that the plaintiff has receiv-
ed payment or negociated it. The Superior Court
of the state of New-York has determined that if
a negociable note, or bill of exchange, be given
for a simple contract debt, the party cannot reco-
ver on the original contract, unless he shews the

FALL, 1811.
Fir District

READ
vs
BAILEY.

note to be lost, or produces and cancels it, at the trial. 1 *Johns.* 34. *Holmes* vs. *D'Camp.* It seems to me just that, before we give judgment against the defendant, the note should be accounted for.

LEWIS, *J.* The reason of the law in permitting a party to resort to the conscience of his adversary for a dielosure of facts, is founded in necessity; and is intended to apply only in casts where the evidence sought for is wholly in the power of the party called upon to disclose. He is there made a witness, under certain restrictions, both for and against himself; and his answer, when in his own favour, ought to be allowed as evidence only where it discloses the evidence of facts exclusively confined to his own breast. But where the answer shews that the parts disclosed are susceptible of other proof and within the power of the party, his answer is not the best evidence, nor ought it to be taken as proof of the facts.

THE defendant in his answer, acknowledges the receipt of the plaintiff's money, but further answers, in avoidance, that his, (the defendant's brother, in Charleston, S. C.) executed his note to the plaintiff or his agent, for the amount of monies received by the defendant, by means of which the demand became transferred and the defendant absolved from further liability. The plaintiff and the defendant's brother reside in Charleston. It does not appear that there has

been any personal communication between either
of them and the defendant, since the execution of
the note. The defendant does not appear to
have any *positive* knowledge of the fact disclo-
sed in avoidance, for he does not know whether
the note was executed to the plaintiff or his agent.
This part of the answer, is at most, not strong-
er than hearsay testimony, and ought to be re-
jected.

SUIT CONTINUED.